FORET, Judge,
concurring and dissenting.
I concur in the majority’s finding that at trial, the State violated the State v. Prieur rule with reference to evidence of other crimes.
However, I am of the opinion that under Jackson v. Virginia, we should have reversed the convictions and dismissed the charges against defendants. The goods that these defendants purchased on the particular night in question for which they were charged and convicted, in my opinion, were not stolen property. The State failed to prove that the goods purchased by the defendants were “the subject of any robbery or theft” under the provisions of R.S. 14:69. The goods were procured by the seller with the full authority and consent of the owner of these goods, in cooperation with the Vernon Parish Sheriff’s Department.
I am aware of the recent Supreme Court decision in State v. Johnson, 408 So.2d 1280 (La.1982). However, in that ease, the defendant was fully aware that the goods which were the subject of that scenario were to be “stolen” goods. The defendant stated so in a secret taping of a telephone conversation with him. The issue in Johnson was raised on a motion to suppress, that is, whether probable cause existed for the issuance of the search warrant and the arrest warrant. So Johnson went off on a probable cause situation. Justice Blanche, the author of Johnson, pointed out that evidence may support the issuance of a search warrant based on probable cause, but that yet such evidence may not be sufficient to support a conviction.
R.S. 14:69 states that the defendant knew or should have known that the goods were stolen. In this particular case, not only were the goods not stolen, but there is insufficient evidence in the record to support a finding that the defendants knew or should have known that the goods were stolen, under the Johnson test. Absent such a showing by the State, there is no *230 intent to possess stolen goods and therefore, a rational trier of fact in this particular case under the Jackson v. Virginia rule could not have found the defendants guilty as charged.
I respectfully dissent. The convictions of the defendants should be reversed and the charges against them dismissed.